Michael K. Brisbin (SBN 169495)
michael.brisbin@wilsonelser.com
Saima Aslam (SBN 308589)
saima.aslam@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
655 Montgomery Street – Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Fax: (415) 434-1370

Attorneys for Plaintiff/Stakeholder
**TRUSTMARK LIFE INSURANCE
COMPANY**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| TRUSTMARK LIFE INSURANCE COMPANY,<br><br>    Plaintiff/Stakeholder,<br><br>vs.<br><br>KIMBERLY AGUIRRE and A.G., a minor child, through her guardian and next of kin IRIS GOMEZ,<br><br>    Defendants/Claimants. | CASE NO.:<br><br>**COMPLAINT FOR INTERPLEADER RELIEF** |

Plaintiff/Stakeholder TRUSTMARK LIFE INSURANCE COMPANY (hereinafter "Trustmark"), by its undersigned counsel, for its Complaint for Interpleader Relief pursuant to Fed. R. Civ. P. 22 against Defendants/Claimants KIMBERLY AGUIRRE and A.G., a minor child, through her guardian and next of kin IRIS GOMEZ (collectively "Claimants"), states as follows:

## **PARTIES**

1. Plaintiff/Stakeholder Trustmark Life Insurance Company ("Trustmark") is an insurance company organized and existing under the laws of Illinois with its principal place of business in Lake Forest, Lake County, Illinois.

2. Defendant/Claimant Kimberly Aguirre ("Kimberly"), upon information and belief, is the former spouse of Oscar Gonzalez ("Decedent") and is a citizen of the State of California, residing in Alhambra, California.

3. Defendant/Claimant A.G. is the Decedent's minor child and is a citizen of the State of California, residing with her mother Iris Gomez ("Iris") in Huntington, California.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331, 29 U.S.C. §§1001, 1132 in that the group policy and benefits at issue are both subject to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* ("ERISA").

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§1391 and 1397 because at least one of the claimants resides within this jurisdiction.

## FACTUAL BACKGROUND

6. Incident to his membership in the International Brotherhood of Electrical Workers ("IBEW"), Decedent participated in the Line Construction Benefit Fund ("LINECO"), a multiemployer self-funded, self-administered welfare benefit plan set up to provide medical, dental, vision, and disability benefits as well as life insurance for outside members of the IBEW working under bargaining agreements between the IBEW and the National Electrical Contractors Association.

7. LINECO provides a life insurance benefit of $20,000 to all members, funded by group life insurance policy No. 24276 ("Group Policy"), issued by Trustmark with an original issue date of October1, 2018. A true and correct copy of the Group Policy is attached hereto as **Exhibit A**.

8. On October 30, 2018, Decedent designated his then-spouse Kimberly as his beneficiary.

///

9. On October 5, 2022, the Superior Court of California in the County of Tulare entered a judgment of dissolution of marriage with regard to Decedent's marriage to Kimberly. The judgment is silent as to the life insurance coverage at issue.

10. On October 19, 2022 Decedent died.

11. Under the terms of the Group Policy, and on account of the death of the Decedent, Trustmark became obligated to pay the sums due under the Policy to Decedent's beneficiary in the amount of $20,000.00 ("Proceeds").

12. After Decedent's death, Kimberly and A.G., by and through Iris, her mother, both claimed entitlement to the Proceeds.

13. To date, the Claimants have been unable to reach an agreement regarding the Proceeds on Decedent's life.

## BASIS FOR INTERPLEADER RELIEF

14. Trustmark is willing to pay the Proceeds due and owing on account of the death of the Decedent, pursuant to the provisions of the Group Policy and applicable law. However, because there are multiple actual rival, adverse and conflicting claims to the Proceeds under the Group Policy given that Kimberly and A.G., by and through her mother Iris, have both advanced claims to the Proceeds, contesting each other's entitlement, Trustmark cannot safely do so.

15. As such, Trustmark has been unable to discharge its admitted liability without exposing itself to multiple liability, multiple litigation or both.

16. Trustmark should not be compelled to become involved in the disputes or contentions of the Claimants and the intricacies of California's Community Property law, and the Claimants should be ordered to litigate among themselves without further involving Trustmark.

17. Trustmark has filed this Complaint for Interpleader Relief of its own free will to avoid multiple liability, multiple litigation, or both.

///

## RELIEF SOUGHT

WHEREFORE, Plaintiff/Stakeholder TRUSTMARK LIFE INSURANCE COMPANY asks for the following relief:

a. That Trustmark Life Insurance Company be granted leave to deposit its admitted liability under the Policy in the amount of $20,000.00 into the registry of the Court;

b. That Defendants/Claimants be enjoined from instituting or prosecuting against Trustmark Life Insurance Company in a proceeding in any state or federal court or administrative tribunal affecting the proceeds due under the Policy and on account of the death of Decedent, and that said injunction issue without bond or surety;

c. That Defendants/Claimants, and each of them, be required to make full and complete answer to the Complaint for Interpleader Relief and to set forth to which of them the Proceeds, or any part thereof, rightfully belong and how they make their claims thereto;

d. That this Court determine and declare the rights of Defendants/Claimants, and each of them, to the disputed portion of the proceeds due and owing under the Policy;

e. That the Court discharge Trustmark Life Insurance Company of and from any and all liability for any benefits payable on account of the death of Decedent;

f. That this Court excuse Trustmark Life Insurance Company from further attendance upon this cause and dismiss Trustmark Life Insurance Company from this case with prejudice;

g. That this Court grant Trustmark Life Insurance Company such other and further relief as this Court deems just and equitable including its attorneys' fees incurred in filing and prosecuting this Complaint for Interpleader Relief, said sum to be deducted from the amount due and owing under the Annuity.

Dated: February 9, 2023

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: */s/ Michael K. Brisbin*
Michael K. Brisbin
Saima Aslam
Attorneys for Plaintiff/Stakeholder
**TRUSTMARK LIFE INSURANCE COMPANY**